IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TAMMY NORSWORTHY**                                                   **PLAINTIFF**

v.                                                              CAUSE NO. 1:22cv163-LG-RPM

**WAL-MART STORES EAST,**
**LP; XYZ CORP. 1-10; and**
**JOHN DOES 1-10**                                                    **DEFENDANTS**

### ORDER DENYING DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DONNA BUDRO AND PERMITTING WAL-MART TO TAKE DEPOSITION OF DONNA BUDRO

**BEFORE THE COURT** is the [33] Motion to Strike Affidavit of Donna Budro filed by Wal-Mart Stores East, LP. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Wal-Mart's Motion to Strike should be denied. However, the Court will permit Wal-Mart to take an out-of-time deposition of Budro.

### BACKGROUND

On July 3, 2021, Plaintiff slipped and fell on a wet floor while an invitee at the Wal-Mart store located at 4253 Denny Avenue in Pascagoula, Mississippi. A leak in one of the store's skylights had caused water to drip onto the floor. Plaintiff filed this lawsuit against Wal-Mart, asserting claims for premises liability, negligence, and negligent training and supervision.

Wal-Mart filed a Motion for Summary Judgment on February 3, 2023, which was the deadline for filing dispositive Motions. Wal-Mart argued that it is entitled

to summary judgment because there is no evidence or testimony supporting a finding that it had prior knowledge of the leaking skylight. On March 2, 2023, Plaintiff filed a response to Wal-Mart's Motion, along with an affidavit signed by former Wal-Mart employee Donna Helen Budro, who testifies, "It had rained at the subject Wal-Mart store just several days before the subject fall while I was working on the premises, and the skylight above the site of the subject fall where I saw [Plaintiff] fall was leaking water onto the floor." (Affidavit at 1, ECF No. 32-7). Wal-Mart now asks the Court to strike Budro's affidavit on the basis that Plaintiff did not timely identify Budro or provide the subject of her testimony.

The parties' deadline for completing discovery was January 20, 2023. The pretrial conference is scheduled to take place on June 20, 2023, and a jury trial is scheduled for the Court's July 2023 trial calendar.

## DISCUSSION

Fed. R. Civ. P. 26(a)(1) requires each party to disclose "the name, and, if known, address and telephone number of each individual likely to have discoverable information — along with subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." These disclosures must be made without specific request within 14 days after the Rule 26(f) conference.[1] Rules 26(b)(1), 30, 33, and 34 permit the parties to obtain additional, relevant information from the opposing party during

---

[1] Fed. R. Civ. P. 26(f) requires the parties to confer at least 21 days before the case management conference. The telephonic case management conference was held in this case on August 9, 2022.

the discovery period.  Local Rule 26.1(A)(5) provides: "A party is under a duty to supplement [discovery] disclosures at appropriate intervals pursuant to Fed. R .Civ. P. 26(e) and in no event later than the discovery cut-off established by the scheduling order."

In her initial disclosures provided on August 1, 2022, Plaintiff identified herself, her medical providers, and "[e]mployees and/or managers of the Defendants whose identities are not yet known by Plaintiff" as witnesses.  (Def.'s Mot., Ex. B, ECF No. 33-3).  In interrogatories, Wal-Mart made the following request:

> If you contend that Wal-Mart and/or any of its employees, agents and/or representatives violated any laws, statutes, regulations, or standards of any type, with respect to the accident that is the subject of your Complaint, please state in detail each and every fact on which you base your contention.

(Def.'s Mot., Ex. C at 3, ECF No. 33-4).  Plaintiff responded in part, "I was approached by a worker by the name of Donna?  She asked me to call her as Walmart was at fault as she saw the video."  (*Id.* at 4-5).  Wal-Mart also asked Plaintiff to:

> [p]lease identify by name, address, and telephone number any and all individuals having any knowledge of the incident made the basis of this lawsuit or the damages claimed in this lawsuit, and for each individual, please state the substance and source of their knowledge.

(Def.'s Mot., Ex. C, ECF No. 33-4).  On June 9, 2022, Plaintiff responded, "Eric Norsworthy, ex-husband . . . ; **Employee Donna**.  This response may be supplemented as this case is in the early phase of discovery."  (*Id.* at 6-7) (emphasis added).

-3-

During Plaintiff's deposition on August 16, 2022, the following exchange took place:

> Q. After that date, did you hear anything from anybody that was a representative, or associate, or employee of Walmart with regard to how the water got on the floor, or the skylight, or anything with regard to the premises the day of the incident?
>
> A. Yes, sir. There was an employee by the name of Donna Boudreaux. She spoke to me many times going in and out of Walmart.
>
> Q. Donna Boudreaux?
>
> A. Boudreaux.
>
> Q. What was her employment position?
>
> A. I think she worked front door.
>
> Q. A greeter?
>
> A. Yes. And during COVID she was giving out masks. She had a table.
>
> Q. And what, specifically, did Ms. Boudreaux say to you?
>
> A. She – we have a mutual friend and I guess that's how she recognized me. And then she recognized me from the day of the incident, she said she saw me that day. She said that she saw the video and she said it was clearly not my fault, it was Walmart's fault. She asked, every time I would come in, how I was.

(Def.'s Mot., Ex. D at 12-13, ECF No. 33-5). Plaintiff also testified that "Ms. Boudreaux" did not give any reasons why she felt like the accident was Wal-Mart's fault. (*Id.* at 16).

Plaintiff submitted an affidavit signed by "Donna Helen Budro" in response to Wal-Mart's Motion for Summary Judgment on March 2, 2023. (Pl.'s Resp., Ex. 7,

ECF No. 32-7). In the affidavit, which is dated March 1, 2023, Budro testified that the skylight at issue was leaking several days prior to Budro's accident. (*Id.*)

Wal-Mart asks the Court to strike Budro's affidavit pursuant to Fed. R. Civ. P. 37(c)(1) because Plaintiff did not timely disclose Budro and the subject matter of her testimony. Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Plaintiff responds that she first received surveillance video of the accident from Wal-Mart on August 25, 2022. She asked Wal-Mart to disclose the identity of employees who could be seen in the surveillance video of her accident. In discovery responses dated November 8, 2022, Wal-Mart objected to this interrogatory on the basis that "[i]t . . . seeks the identities of individuals who appear in the video after the incident occurred and who would have no knowledge of how the incident occurred . . . ." (Pl.'s Resp., Ex. at 2, ECF No. 37-2). Wal-Mart further stated that the "[e]mployee wearing [a] yellow vest seen walking onto [the] aisle [at] approximately 7:13:50 is former Associate Donna Budro." (*Id.*) Wal-Mart notified Plaintiff that all of the associates identified in its interrogatory response could be contacted through Counsel for Wal-Mart. (*Id.*)

In a November 8, 2022, email, Counsel for Plaintiff noted that Wal-Mart's interrogatory response did not contain last known contact information for former employees like Budro. (Pl.'s Resp., Ex. C, ECF No. 37-3). She stated, "Unless Wal-

Mart is going to agree to make these former employees available for a deposition and guarantee their appearance at same without the necessity of a subpoena, please supplement your response with this information." (*Id.*) Wal-Mart agreed to obtain the former employees' contact information, and it did so twenty-one days later, on November 29, 2022. (Pl.'s Resp., Ex. D, ECF No. 37-4). The address provided by Wal-Mart is the same address listed for Budro in her March 1, 2023 affidavit.

Plaintiff argues:

> Wal-Mart's claim that it was unable to properly evaluate and investigate what role Ms. Budro played in this incident is patently false. Wal-Mart knew of Ms. Budro's existence and where to find her well before Plaintiff did, yet Wal-Mart failed to identify Ms. Budro as a person having discoverable information regarding the facts and circumstances of this litigation. . . . In fact, Wal-Mart went so far [as] to state in its discovery responses that Ms. Budro had no knowledge of the subject incident.

(Pl.'s Resp. at 3, ECF No. 37). Plaintiff further asserts that she was not able to locate Budro and obtain an affidavit until immediately prior to filing her response to the Motion for Summary Judgment.

When determining whether to exclude testimony or evidence under Fed. R. Civ. P. 37(c)(1), courts consider four factors: "(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (quotation omitted). As for the first factor, the parties differ over who was responsible for failing to timely identify Budro. In the Court's opinion, both parties could have been more diligent in

identifying Budro and determining what information she may have had regarding Plaintiff's accident.  Wal-Mart arguably could have determined Budro's identity from the information provided in Plaintiff's deposition, while Plaintiff has not explained why it took approximately three months to locate Budro and obtain her affidavit after Wal-Mart provided Budro's address.  The second factor weighs against striking the affidavit because Budro's testimony is important to Plaintiff.  The third factor weighs in favor of striking the affidavit because Wal-Mart has suffered some prejudice from the late production of Budro's affidavit.  Specifically, the discovery deadline expired, and it filed a Motion for Summary Judgment before learning what information Budro has about the accident.  The fourth factor weighs against striking the affidavit because a brief extension of the discovery deadline can alleviate that prejudice.  Therefore, the Court declines to strike Budro's affidavit.

## CONCLUSION

Wal-Mart's Motion to Strike the Affidavit of Donna Budro is denied.  Wal-Mart will be permitted to take Budro's deposition on or before May 1, 2023.  Wal-Mart's reply in support of its Motion for Summary Judgment is due on May 10, 2023.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [33] Motion to Strike Affidavit of Donna Budro filed by Wal-Mart Stores East, LP, is **DENIED**.  Wal-Mart may take Budro's deposition on or before **May 1, 2023**, and it may file a reply in support of its Motion for Summary Judgment on or before **May 10, 2023**.

-8-

**SO ORDERED AND ADJUDGED** this the 3rd day of April, 2023.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE